# Wilson, Appellant, v. New York Central & Hudson River Railroad Company.

*Negligence—Railroads—Master and servant—Brakeman—Defective appliance—Nonsuit.*

A brakeman who has worked for six weeks in shifting cars in a yard on an engine intended for line service, and not equipped as shifting engines are, with a footboard and grab iron, cannot allege the absence of these appliances as a ground for recovery against the railroad company, his employer, for personal injuries sustained in the course of his employment.

Argued Oct. 9, 1908. Appeal, No. 1, Oct. T., 1909, by plaintiff, from order of C. P. Cambria Co., June T., 1907, No. 224, refusing to take off nonsuit in case of Robert J. Wilson v. New York Central & Hudson River Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before O'CONNOR, P. J.

At the trial the court entered a compulsory nonsuit.

O'CONNOR, P. J., charged as follows:

The plaintiff in this case seeks to recover from the defendant, The New York Central & Hudson River Railroad Company, for an injury sustained by him, resulting in the loss of his right leg, some time during the month of November, 1905. The evidence develops the fact that he was in the employ of the defendant company in its railroad yards at Patton, in this county, and that while endeavoring to uncouple a car from the engine of the defendant company, under the direction of the engineer in charge of that engine, his hand and foot slipped, causing him to fall on the track, and the engine passed over a portion of his body.

The ground upon which he seeks to recover from his employer is that the employer failed to provide suitable instru-

mentalities for the work the plaintiff was required to perform, in that the engine from which plaintiff was directed to uncouple or sever the cars was built and intended for services upon the main line of railroad and not for special use in yards for shifting or switching purposes, and the defect complained of was the failure on part of employer to have a footboard and grab iron upon the engine, which if there, as alleged by plaintiff, would have enabled him to avoid the injury which befell him and from which he suffered.

It is admitted that the engine was properly constructed for the service for which it was intended, but that switching engines, or yard engines, are differently constructed in that they have no pilot, or what is commonly known as a cowcatcher, and instead thereof have a footboard and grab iron, which are calculated and intended to make them more nearly safe for the employees when engaged in the coupling and uncoupling of cars from the engine.

The testimony further shows that the plaintiff in the case was engaged in this sort of work for about six weeks on this particular engine, or on or about it, and that he was familiar with the fact that it did not have a footboard nor a grab iron, that it was an engine constructed for service on the railroad proper and was not of the kind specially constructed or in common use in railway yards.

At the close of plaintiff's testimony counsel for defendant company moved the court to direct a compulsory nonsuit and assigned six reasons in support thereof, among which it is alleged that the plaintiff is not entitled to recover because the danger was obvious and that he did not complain to his superiors or those servants of the railroad company in charge of the work of the danger to which he was subjected, and that because he made no complaint, having knowledge of the defect upon which he now rests his action, he is not entitled to recover under the law.

The rule is that the employer is bound to furnish safe instrumentalities for the work which he desires accomplished, and that the employee takes the risk of his employment. To this rule there are a number of exceptions. Where the em-

ployer knows of a latent defect in any instrumentality employed for certain work it is his duty to inform the employee, and if the employee is of tender years, or if the work is of such nature as would render him ignorant of the particular danger it is the duty of the employer to inform him; but where the defect is patent, that is, where proper instruments are not employed or the instrument is defective and the defect be patent, obvious, so that the employee can observe it and is familiar with its dangerous character, unless he complains to the employer and obtains a promise that the defects will be removed he is not excused from liability for injury if he attempts to recover from his employer; therefore, he is not excused from liability to perform his duty, and his duty is to quit the employment if he does not care to take further risks, and if he sees fit to continue in the employment without complaint, or without some promise to repair, he takes the risk of that employment and does not come within any exception to the general rule.

In this case counsel for plaintiff admits and rightly admits that the plaintiff knew there was no footboard upon this engine and no grab iron, and also knew that it was not intended for yard purposes, and knew that there was more or less danger connected with the act of uncoupling or separating any cars from the engine when it was in motion. This much the plaintiff himself has admitted.

Since the adjournment we have examined all the authorities cited and we discover that those authorities which, seemingly, support the contention that this is an exception to the rule which provides that the employee takes the risk of his employment were cases, with one exception, where the employee had complained and had obtained a promise from his employer or superior having charge of the matter that the defect would be remedied or removed, and in the other case the person was of tender years—fourteen years of age—and was not of ordinary capacity for one of those years, and in that case it was held that it was the duty of the employer to supply practically what the employee lacks; in other words, considering his ability to understand, or rather his lack of ability to understand the

danger, the employer was held to the highest liability for having such a one in his service. So, after a full examination of these authorities, we have come to the conclusion that the plaintiff in this case must be held to have taken the risk of that employment when he knew of the danger and continued in the employment of the defendant company without complaint. We believe if we should take any other action than that of sustaining this motion at this time we would be guilty of reversible error.

We sympathize with the plaintiff as much as his counsel or the members of the jury, and a duty of this kind is always more or less painful to the court; nevertheless, it is a duty that we must perform when we are convinced that it is the proper course to pursue. We have said this much to you for the reason that in sustaining the motion you will be relieved from further duties in this cause, and we felt it was due to you to give you the reason for not submitting the case to you.

We sustain the motion of counsel for defendant company for a compulsory nonsuit, direct the same to be entered, and grant to counsel for plaintiff leave to move to strike off the same within thirty days.

*Error assigned* was refusal to take off nonsuit.

*Thomas H. Greevy,* with him *John J. Reardon, W. A. Mc-Guire* and *E. G. Brotherlin,* for appellants.—The case was for the jury: Patterson v. R. R. Co., 76 Pa. 389; McCafferty v. Philadelphia, 217 Pa. 120; Rummell v. Dilworth, Porter & Co., 111 Pa. 343; Finnerty v. Burnham, 205 Pa. 305; Lininger v. Air Brake Co., 210 Pa. 62; Canal & R. R. Co. v. Mason, 109 Pa. 296; Reese v. Clark, 198 Pa. 312; Hammer v. Pressed Steel Car Co., 204 Pa. 594.

*Thomas H. Murray,* with him *M. D. Kittell, Jas. P. O'Laughlin* and *Hazard Alex. Murray,* for appellee.

PER CURIAM, November 2, 1908:

The judgment is affirmed on the charge of the learned judge sustaining motion for nonsuit.